IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

STEFAN LANIER                                                                                    PLAINTIFF

v.                                        NO. 2:08CV00094 HDY

MICHAEL J. ASTRUE,                                                                         DEFENDANT
Commissioner of the Social
Security Administration

MEMORANDUM OPINION AND ORDER

BACKGROUND. The record reflects that in December of 2004, plaintiff Stefan Lanier ("Lanier") filed applications for disability insurance benefits and supplemental security income benefits pursuant to the provisions of the Social Security Act ("Act"). His applications were denied initially and upon reconsideration. He next requested, and received, a de novo administrative hearing before an Administrative Law Judge ("ALJ"). In November of 2007, the ALJ issued a decision adverse to Lanier. He appealed the adverse decision to the Appeals Council. The adverse decision was affirmed by the Appeals Council and became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). In May of 2008, Lanier commenced the proceeding at bar by filing a complaint pursuant to 42 U.S.C. 405(g). In the complaint, he challenged the final decision of the Commissioner.

STANDARD OF REVIEW. The sole inquiry for the Court is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. See Prosch v. Apfel, 201 F.3d 1010 (8th Cir. 2000). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." See Id. at 1012.

THE COMMISSIONER'S FINDINGS. The Commissioner made findings pursuant to the five step sequential evaluation process. At step one, the Commissioner found that Lanier has not engaged in substantial gainful activity since the alleged onset date. At step two, the Commissioner found that Lanier has the following severe impairments: "disorder of the cervical spine, osteoarthritis in the knees, restrictive lung disease ..., and hypertension ..." See Transcript at 16. At step three, the Commissioner found that Lanier does not have an impairment or combination of impairments that meet or equal a listed impairment. The Commissioner then assessed Lanier's residual functional capacity. The Commissioner discounted Lanier's subjective complaints on the ground that they were not fully credible and found that he is capable of performing sedentary work with the following limitations:

> (lift and carry up to 10 pounds occasionally and 10 pounds frequently; stand and/or walk up to a total of 2 hours in an 8-hour workday; sit 6 hours in an 8-hour workday; push and/or pull 10 pounds frequently, or 10 pounds occasionally; climb, balance, stoop, bend, crouch, kneel, and crawl occasionally) except he should avoid work around excessive chemical, noise, humidity, dust, fumes, temperature extremes, vibrations, gases, and other pulmonary irritants.

<u>See</u> Transcript at 18. At step four, the Commissioner found that Lanier cannot return to his past relevant work. At step five, the Commissioner posed two hypothetical questions to a vocational expert. The first question was as follows:

> Well, assume an individual who has the same education, same work experience as the claimant, who has, excuse me, considering the effects of the impairments and also considering obesity and mild to moderate pain. The individual would have the ability to perform work within the sedentary range of physical demand with the ability to lift and carry 10 [pounds] occasionally, 10 [pounds] frequently. Stand and/or walk up to a total of two hours in an eight-hour workday. Sit six hours in an eight-hour workday. The individual may push and/or pull 10 [pounds] frequently and 10 [pounds] occasionally. This individual would have the ability to occasionally climb, balance, stoop, bend, crouch, kneel and crawl. The individual should avoid work around excessive chemicals, noise, humidity, dust, fumes, temperature extremes, vibrations, gases or other pulmonary irritants.

<u>See</u> Transcript at 218. The vocational expert testified that the hypothetical individual could not perform any of Lanier's past relevant work. The vocational expert additionally testified, however, that there is other work the individual could perform. The second question was as follows:

> All right. Let me ask you a second hypothetical question. Assume an individual is the same age, same education, same work experience as the claimant. The person has the ability to perform work as follows. First, he can lift five pounds occasionally, five pounds frequently. Can sit three hours in an eight-hour workday. Stand and/or walk one hour. And due to the inability to be relieved of chronic pain and the effects of medication, this person could not sustain concentration, persistence or pace on a routine continuance basis to complete the required task of a job in an eight-hour day, 40-hour week position.


See Transcript at 218-219. The vocational expert testified that the hypothetical individual could not perform any of Lanier's past relevant work and that there is no other work the individual could perform. Apparently finding that Lanier was most like the individual identified in the first question, the Commissioner found at step five that there are other jobs Lanier can perform. For that reason, the Commissioner concluded that Lanier is not disabled within the meaning of the Act.

LANIER'S ASSERTIONS OF ERROR. Are the Commissioner's findings supported by substantial evidence on the record as a whole? Lanier thinks not and advances two reasons why, only one of which the Court will address in any detail. He maintains that the hypothetical question did not accurately state all of his impairments and resulting limitations because the question did not accurately state the extent of his obesity and his limited ability to sit.[1]

---

[1]

Lanier also maintains that his residual functional capacity was not properly assessed because his subjective complaints were discounted. Specifically, he maintains that the Commissioner's treatment of his subjective complaints was erroneous for three reasons: (1) contrary to the Commissioner's finding, Lanier sought frequent medical treatment for his complaints, (2) his hypertension and breathing problems are not controlled by medication, and (3) "[he] testified extensively about his daily activities and that testimony is uncontradicted." See Document 12 at 19.

Substantial evidence on the record as a whole supports the Commissioner's treatment of Lanier's subjective complaints. With regard to Lanier's assertion that he sought frequent medical treatment for his complaints, the Commissioner found that Lanier made "relatively infrequent trips to the doctor for the allegedly disabling symptoms." See Transcript at 20. What the Commissioner intended by the phrase "relatively infrequent" is not clear, but it is not inconsistent with the record. With regard to Lanier's assertion that his hypertension and breathing problems are not controlled by medication, the Court is persuaded by the position advanced in the Commissioner's brief and adopts that position in its entirely. See Document 13 at 5. With regard to Lanier's assertion that his extensive testimony about his daily activities was uncontradicted, it may be true that his testimony was uncontradicted but the Commissioner is not obligated to accept the testimony if all or part of it is not capable of belief.

THE HYPOTHETICAL QUESTION. "'[T]estimony from a vocational expert is substantial evidence [on the record as a whole] only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies.'" See McKinley v. Apfel, 228 F.3d 860, 865 (8th Cir. 2000) [quoting Taylor v. Chater, 118 F.3d 1274, 1278 (8th Cir. 1997)]. The hypothetical question need not contain every impairment alleged by the claimant, see Haggard v. Apfel, 175 F.3d 591 (8th Cir. 1999), but it must include the impairments supported by substantial evidence on the record as a whole. See Goff v. Barnhart, 421 F.3d 785 (8th Cir. 2005).

As the Court noted, Lanier maintains that the hypothetical question did not accurately state all of his impairments and resulting limitations because the question did not accurately state the extent of his obesity and his limited ability to sit. With regard to whether the question accurately stated the extent of his obesity, the Court has some concern whether the question was correctly phrased. The Commissioner characterized Lanier's weight problem as obesity and used that term in the question. The overwhelming medical evidence indicates, however, that Lanier's weight problem should instead by characterized as morbid obesity. See Transcript at 143, 150, 162, 163, 164, 201, 204. There is undoubtedly a distinction between obesity and morbid obesity, and it is imperative that the Commissioner correctly characterize Lanier's weight problem as it might impact the answer given by the vocational expert.

The more troubling matter is whether the hypothetical question accurately stated the extent of Lanier's ability to sit. He testified during the administrative hearing that he stands five feet, nine inches tall and weighs approximately four hundred pounds. He testified that his ability to sit is limited and that he spends most of his days either sitting or laying in or around his home. See Transcript at 216. The Commissioner found that Lanier suffers, in part, from osteoarthritis in the knees and hypertension, and the medical evidence establishes that he is morbidly obese. The Commissioner found that Lanier can sit for up to six hours in an eight hour workday and incorporated that finding into the question. For the reasons that follow, though, the Court is not convinced that the finding is supported by substantial evidence on the record as a whole and, as a result, that portion of the question was not correctly phrased.

First, the Commissioner failed to specifically identify the evidence supporting the finding that Lanier can sit for up to six hours in an eight hour workday. Because the Commissioner failed to do so, the Court was left to dig through the record in an attempt to identify the evidence supporting the finding.

Second, the Court dug through the record and could only find one document that contained such a finding, that being, a residual functional capacity assessment prepared by an agency physician. See Transcript at 152. The Court is not satisfied that this one document is substantial evidence on the record as a whole to support the Commissioner's finding that Lanier can sit for up to six hours in an eight hour workday.

Third, the finding that Lanier can sit for up to six hours in an eight hour workday appears to be contradicted by the finding made by the Commissioner's own consultative physician, a Dr. Arredi. Although some of his findings are illegible, it can be discerned that he diagnosed Lanier as suffering from morbid obesity, hypertension with heart disease, reactive lung disease, and depression. See Transcript at 143. He additionally found the following: "[Lanier's] ability to sit, stand, walk, carry, handle objects, travel is limited (mild to moderate) due to his obesity and hypertension." See Transcript at 143. The Court confesses considerable difficulty reconciling the Commissioner's finding that Lanier can sit for up to six hours in an eight hour workday with Dr. Arredi's finding that Lanier's ability to, inter alia, sit is mildly to moderately limited. It may be that the Commissioner chose to ignore Dr. Arredi's finding and instead adopted the finding made in the residual functional capacity assessment or, alternatively, that the Commissioner somehow reconciled the two findings; it is simply not clear. It needs to be clear because the ability to sit is obviously a critical component of sedentary work.

CONCLUSION. For the foregoing reason, the Commissioner's findings are not supported by substantial evidence on the record as a whole. Specifically, the hypothetical question did not accurately state all of Lanier's impairments and resulting limitations because the question did not accurately state the extent of his obesity and his limited ability to sit. A remand is therefore necessary. Upon remand, the Commissioner shall re-assess Lanier's residual functional capacity, giving particular

regard to the extent of his obesity and the extent to which he can sit during an eight hour workday.  Once those findings are made, the Commissioner shall incorporate them into a hypothetical question to the vocational expert.  Accordingly, the Commissioner's decision is reversed, and this proceeding is remanded.  This remand is a "sentence four" remand as that phrase is defined in 42 U.S.C. 405(g) and <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991).  Judgment will be entered for Lanier.

    IT IS SO ORDERED this ___15___ day of July, 2009.

_____
                UNITED STATES MAGISTRATE JUDGE